IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MARCUS GEORGE                                                                                          PLAINTIFF

v.                               CASE NO.: 5:08CV00253 JLH/BD

JOHNNY CARTWRIGHT,
et al.                                                                                                  DEFENDANTS

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II.     Background:**

Plaintiff is an Arkansas Department of Correction ("ADC") inmate housed at the W.C. Brassell Detention Center. Plaintiff brings this action pro se under 42 U.S.C. § 1983 (docket entry #2). In his Complaint, Plaintiff alleges that on June 3, 2008, he was injured while mowing the lawn using ADC-issued equipment. Plaintiff states that a rock "shot out" from the lawn mower into his mouth causing Plaintiff to choke. Plaintiff claims that he told Major Lowe what had occurred, but that Major Lowe did nothing to assist him. Plaintiff then started coughing up blood. At that time, Sgt. Cartwright took Plaintiff to the Varner Unit infirmary where x-rays were taken. Plaintiff then was taken to the hospital where the rock was removed. Plaintiff names as Defendants Johnny Cartwright, Michael Lowe, John Doe, the Head Warden at the Varner Unit, Larry Norris, and Ray Hobbs, in both their individual and official capacities.

**III.    Discussion:**

   **A.     *Standard***

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C § 1915A(b).

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983. While a court must accept the factual allegations in the complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*), a plaintiff still must assert facts sufficient to state a claim as a matter of law. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Based on Plaintiff's Complaint, the Court finds that Plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1983. Accordingly, the Court recommends DISMISSAL of Plaintiff's Complaint.

**B.** *Analysis*

1. Negligence Claim

The basis of Plaintiff's Complaint is that Defendants allowed Plaintiff to sustain an injury while using ADC-issued mowing equipment. Plaintiff complains that he was injured because the mower that he was using contained no "bag" and that the equipment was not working properly.

Plaintiff's Complaint does not contain any allegation of any intentional conduct by any of the named Defendants; nor does it allege any violation of the Constitution or federal law. Instead, Plaintiff attempts to hold Defendants liable for what appears to be, at most, negligent conduct. Mere negligence is insufficient to establish liability under § 1983. See

*Terrell v. Larson*, 396 F.3d 975, 978 (8th Cir. 2005).  Accordingly, Plaintiff's negligence claim against Defendants fails to state a claim for relief under 42 U.S.C. § 1983..

    2.    Deliberate-Indifference Claim

Plaintiff claims that Defendant Lowe ignored Plaintiff's medical needs.  Prison officials or their agents violate the Eighth Amendment if they commit "acts or omissions sufficiently harmful to evidence deliberate indifference to [an inmate's] serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976).  The Eighth Circuit Court of Appeals has interpreted this standard as including both an objective and a subjective component: "The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs."  *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).  "The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation."  *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).  Further, to succeed on a claim for deliberate indifference, a plaintiff must bring the claim against the individuals responsible for the inmate's medical care.  *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997).

Here, despite Defendant Lowe's alleged reaction, or lack thereof, to Plaintiff's medical needs, it appears that Plaintiff received prompt medical attention for the injury that he sustained.  He has alleged no enhanced injury resulting from a delay in medical

treatment caused by Defendant Lowe's failure to respond.  Furthermore, Plaintiff has not alleged that Defendant Lowe was aware of the alleged seriousness of his medical condition.  Rather, based upon Plaintiff's allegations, it is not clear that Defendant Lowe even heard Plaintiff's complaints.[1]  While Defendant Lowe might have been more attentive to Plaintiff's needs, his failure to respond rises, at most, to gross negligence.

### IV.    Conclusion:

The Court recommends that Plaintiff's Complaint (#2) be DISMISSED WITHOUT PREJUDICE and that his application to proceed *in forma paupers* (#1) be DENIED as moot.

DATED this 16th day of September, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff states in his Complaint that he brought this matter to Defendant Lowe's attention, but that Defendant Lowe acted as if he did not hear Plaintiff.